UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                              CASE NO.

**PETER SCOTT KIPP**                                05-00718-5-ATS

    **DEBTOR**

**ORDER ALLOWING TRUSTEE'S OBJECTION TO EXEMPTIONS**

Pending before the court is the trustee's objection to the chapter 7 debtor's claim of exemption in a coin collection. A hearing was held in Raleigh, North Carolina on June 8, 2005. For the reasons that follow, the objection will be allowed.

The debtor, Peter Scott Kipp, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 26, 2005. On Schedule B of his petition, he listed a coin collection valued at $5,000. On Schedule C, he claimed an interest in a "coin collection, net value $3,825.00" as a personal or household good exempt under North Carolina General Statute § 1C-1601(a)(4). The trustee objected on the grounds that the coin collection cannot be characterized as a household good and is not otherwise exempt or exemptible. The trustee contends that the coin collection is property of the estate within the meaning of 11 U.S.C. § 541.

Section 1C-1601(a)(4) of the North Carolina General Statutes provides that the debtor may retain, free of the enforcement of the claims of creditors, the debtor's aggregate interest up to specified

monetary limits in "household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."  In this jurisdiction, the case frequently cited for purposes of determining the sort of items that can be claimed through the household goods exemption is <u>McGreevy v. ITT Financial Serv. (In re McGreevy)</u>, 955 F.2d 957 (4th Cir. 1992).  <u>McGreevy</u> is a lien avoidance case rather than an exemptions case, but it construes 11 U.S.C. § 522(f)(2)(A), which identifies the exemptions available in bankruptcy and contains language almost identical to that in § 1C-1601(a)(4).  The <u>McGreevy</u> court reviewed varying methods of determining what qualifies as a "household good" and adopted the "functional nexus" test, which provides that an item qualifies as a "household good" when it is "used to support and facilitate daily life within the house."  955 F.2d at 962.  The court observed that pots and pans serve that function, whereas a model car collection would not.  955 F.2d at 962.  There are surprisingly few cases construing <u>McGreevy</u> in recent years, but the appellate court's recitation of a required relationship between the good to be exempted and its use in the household still is generally accepted as solid precedent.

    Without relying exclusively on <u>McGreevy</u>, given the differing contexts in that case and in this one, the court concludes that the coin collection cannot qualify as a "household good."  Aside from the

debtor's personal attachment to the collection and its value as a hobby, the fact remains that the collection has its own independent value much like an antique.  The court is persuaded that it should rightly be included as part of the estate.  The debtor has claimed some portion of the collection's value under the "wild card" exemption, so he will be able to retain at least some of the coins that carry the most sentimental value to him or his family.

Accordingly, the trustee's objection to the debtor's exemption is **ALLOWED**.

**SO ORDERED**.

**DATED:  June 10, 2005**

A. Thomas Small
United States Bankruptcy Judge